CROWTHERS McCALL PATTERN,
INC., Debtor-in-Possession,
Plaintiff,

v.

Reginald F. LEWIS, Shearson Lehman/American Express, Inc., Shearson Lehman Brothers Group Inc., Shearson TLC, Shearson Lehman Brothers Holdings, Inc., Shearson Lehman Brothers International, Inc., Shearson Lehman Brothers Capital Partners I, Shearson Lehman Brothers Inc., Bankers Trust Company, Earle K. Angstadt, Jr., Samuel P. Peabody, Richard J. Olivarez, Jean S. Fugett, Robert C. DeJongh, Sanford Cloud, Jr., Marilda G. Alfonso, Lee A. Archer, Jr., and James E. Obi, Defendants.

No. 89 Civ. 5971(MEL).

United States District Court,
S.D. New York.

May 21, 1990.

Rosenman & Colin, New York City, for plaintiff; Robert W. Gottlieb, Arthur S. Linker, Sandy A. Wald, Carole R. Bernstein, of counsel.

Willkie Farr & Gallagher, New York City, for defendants Shearson Lehman/American Exp. Inc., Shearson Lehman Brothers Group Inc., Shearson TLC Inc., Shearson Lehman Bros. Holdings Inc., Shearson Lehman Bros. Intern. Inc., Shearson Lehman Bros. Capital Partners I and Shearson Lehman Bros. Inc.; Joseph T. Baio, Douglas Young Peters, George B. Schwab, of counsel.

Moses & Singer, New York City, for defendant Bankers Trust Co.; David B. Eizenman, David B. Picker, Moses & Singer, Jack H. Weiner, Bankers Trust Co., of counsel.

Paul, Weiss, Rifkind, Wharton & Garrison, New York City, for individual defendants; Mark H. Alcott, Stuart M. Cobert, Melissa T. Rosse, Antony J. Blinken, Adam Mitzner, Nancy L. Bertolino, of counsel.

LASKER, District Judge.

Various defendants move for an order, pursuant to Fed.R.Civ.P. 12(b)(6), dismissing the complaint on the grounds that the Unsecured Creditors' Committee (the "Creditors' Committee") was not authorized to commence this action and may not pursue it in the name of and on behalf of Crowthers McCall Pattern, Inc. (the "Debtor"), or, in the alternative, for an order remanding the action to the bankruptcy court for a hearing to determine whether such action should be authorized. The motion to dismiss is denied. The motion to remand the action to the bankruptcy court is granted.

I.

The Debtor filed a petition with the Bankruptcy Court for reorganization under

Chapter 11 of the Bankruptcy Code and is continuing to operate its business and manage its property as debtor-in-possession.

The Debtor retained the firm of Stroock & Stroock & Lavan as its counsel pursuant to an order of the Bankruptcy Court dated December 9, 1988. The Creditors' Committee retained the firm of Skadden, Arps, Slate, Meagher & Flom.

The Debtor and the Committee began an investigation of certain pre-petition transactions including those underlying the present action. In the course of the investigation, Stroock & Stroock, Debtor's counsel, learned that Shearson, Lehman Brothers, a client of the firm in matters unrelated to this action, was a potential defendant. Upon making this discovery, counsel attempted unsuccessfully to obtain a waiver of this conflict from Shearson, Lehman Brothers. For unexplained reasons, the Debtor concluded that, rather than retain new counsel itself, it would be appropriate to transfer to the Creditors' Committee the authority to investigate the transactions and to prosecute any claims arising from them.

To carry out this decision, the Debtor and the Creditors' Committee entered into a stipulation dated March 30, 1989 (the "Stipulation"), pursuant to which the Debtor authorized the Creditors' Committee to conduct discovery regarding the transactions and, "if the Committee so determines," to commence litigation in the name of the Debtor. Bankruptcy Judge Howard C. Buschmann, III granted a motion for approval of the stipulation on April 13, 1989 and entered an order authorizing the Creditors' Committee to employ and retain Rosenman & Colin to represent the Committee as special litigation counsel pursuant to 11 U.S.C. § 1103.[1]

Since then, Judge Buschmann has approved several fee applications by Rosenman & Colin for services rendered in the total amount of about $500,000.

## II.

In *Unsecured Creditors Committee of Debtor STN Enterprises, Inc. v. Noyes,* 779 F.2d 901 (2d Cir.1985), the Court of Appeals for the Second Circuit held that although a creditors' committee has an implied qualified right to initiate, with the approval of the Bankruptcy Court, adversary proceedings in the name of the debtor, it may do so only when the debtor "unjustifiably failed to bring suit or abused its discretion in not suing to avoid a preferential transfer." 779 F.2d at 904.

The *Noyes* court held that the lower court,[2] which approved the initiation of an action by the creditors' committee after the debtor had refused to do so, did not properly consider whether the "allegations" of the creditors' committee demonstrated that the debtor had unjustifiably failed to initiate the action. *Id.* As a sine qua non to approving commencement of an action by a creditors' committee, the appellate court held that the bankruptcy court was obligated to determine 1) whether the creditors' committee presented a colorable claim for relief that on appropriate proof would support a recovery and 2) whether an action asserting such claim(s) would be likely to

---

1. The Creditors' Committee has also submitted to this court an affidavit of John W. Kobiskie, Senior Vice–President and Chief Financial Officer of the Debtor (sworn to on January 24, 1990) ("Kobiskie Affidavit"), stating that the Debtor approves of and ratifies the prosecution of this action by the Creditors' Committee and agrees to be bound by its outcome. The affidavit, which was submitted four months after this suit was commenced, is entitled to no weight because, as the individual defendants point out, Kobiskie does not state that the Debtor has taken any of the normal steps to secure corporate approval of the litigation and Kobiskie himself has no power to grant such approval. Accordingly, his affidavit does not bind the Debt-

or. Moreover, the affidavit fails to demonstrate real and independent consideration of the costs and merits of the litigation by the Debtor. Rather, it merely recites in conclusory terms that "[t]he Debtor *is informed* ... that the Action is likely to benefit the Debtor's estate...." Kobiskie Affidavit at ¶ 5 (emphasis added). Kobiskie's mere repetition of what he has been told by the Creditors' Committee does not represent an affirmative decision to sanction this lawsuit.

2. The *Noyes* action was before the district court in the first instance because the bankruptcy judge had disqualified himself. 779 F.2d at 905 n. 5.

benefit the estate. 779 F.2d at 905. As the Court of Appeals put it, the bankruptcy court should determine not only the

> probabilities of legal success and financial recovery in event of success, but also ... whether it would be preferable to appoint a trustee in lieu of the creditors' committee to bring suit (bearing in mind any fees imposed on the estate by such an appointment, the wishes of the parties, and other relevant factors) and the terms relative to attorneys' fees on which suit might be brought.

779 F.2d at 905.

In sum, the Court of Appeals stated that the bankruptcy court "should assure itself that there is a sufficient likelihood of success to justify the anticipated delay and expense to the bankruptcy estate that the initiation and continuation of litigation will likely produce." 779 F.2d at 906.

The defendants argue that this action should be dismissed because the bankruptcy court approved the Stipulation without performing the inquiry or hearing and the cost/benefit analysis required under *Noyes*.

The Creditors' Committee argues that since the Debtor has standing itself to sue without obtaining any court approval, it follows that the Debtor has the power to authorize the Creditors' Committee to sue on the Debtor's behalf without the judicial determination required by *Noyes*. The Creditors' Committee asserts that the *Noyes* doctrine, which arose in a case in which the debtor actually opposed the initiation of a lawsuit, is not applicable here, where the debtor fully supports the efforts of the Creditors' Committee.

Although it is by no means clear that the requirements of *Noyes* apply in these circumstances, the wisest course of action appears to be to remand the case to the bankruptcy court to carry out the *Noyes* procedure. Given the history of this case, the bankruptcy judge may be able to do justice to the situation with a less detailed inquiry than would be necessary in other circumstances. Judge Buschmann has presumably become well acquainted with the nature and details of the litigation through the fee applications which he has approved. Moreover, the Debtor, according to counsel for the Creditors' Committee, has no further stake in the outcome of this litigation because whatever is recovered will go to the Creditors' committee. Finally, as explained above, the debtor has actively encouraged the litigation by stipulating that it assents to the Creditors' Committee's pursuit of this action.

Although, as stated above, the *Noyes* court may not have intended its rule to apply to a case in which the Debtor has formally delegated to the Creditors' Committee the authority to institute suit (and the bankruptcy judge has "so ordered" the formalization) and the Debtor appears not to have a financial stake in the outcome of the case, a close reading of *Noyes* does not suggest any exceptions. At the least, compliance with the *Noyes* procedure will eliminate the possibility that the case may be fully tried and the outcome found to have been invalid for failure to comply with the rule.[3]

The case is remanded to the bankruptcy court for the purpose of carrying out the proceedings required in *Unsecured Creditors Committee of Debtor STN Enterprises, Inc. v. Noyes*, 779 F.2d 901 (2d Cir. 1985).

It is so ordered.

---

**3.** The Creditors' Committee points out that intervention by the debtor as a plaintiff would obviate the need for a *Noyes* hearing. The Debtor is, of course, entitled to move to intervene but has not done so.